Lynette **SANTIAGO–RAMIREZ,**
**Plaintiff, Appellant,**

v.

**SECRETARY OF the DEPARTMENT OF DEFENSE, et al., Defendants, Appellees.**

**No. 92–1143.**

United States Court of Appeals,
First Circuit.

Heard Oct. 7, 1992.

Decided Jan. 27, 1993.

---

John Ward Llambias, Santurce, PR, on brief, for plaintiff, appellant.

Isabel Munoz Acosta, Asst. U.S. Atty., with whom Daniel F. Lopez Romo, U.S. Atty., Hato Rey, PR, on brief, for defendants, appellees.

Before CYR, Circuit Judge, BOWNES, Senior Circuit Judge, and FUSTE,* District Judge.

FUSTE, District Judge.

The main question presented in this appeal is whether appellant properly notified the agency for which she worked, the Army and Air Force Exchange Service, (AAFES), of her potential federal tort claim. The district court found the letter sent to the agency by appellant's lawyer deficient for purposes of the statutory notice provision of the Federal Tort Claims Act, 28 U.S.C. § 2675(a). We find that under this circuit's flexible rule regarding notice requirements for federal tort claims, the letter was sufficient as to part of the claim.

## I.

## BACKGROUND

Appellant, Lynette Santiago–Ramírez, was removed from her post at the cash register of Fort Buchanan's Army Post Exchange store on June 29, 1990, under suspicion of having taken part in an employee theft ring. She was interrogated for about forty-five minutes in her supervisor's office. She was then taken to the office of Mr. Jacques Zayde, the Safety and Security Manager of the Exchange, where she was again subjected to a forty-five-minute interrogation. Appellant alleges that, among other things, she was threatened with investigation by the FBI. After what she alleges was considerable harassment in complete disregard for her pregnant condition, she eventually signed a typewritten statement. She was then returned to the office of her supervisor, who informed her that she had been terminated from her job. Upon concluding the investigation, no charges were pressed against plaintiff.

On September 25, 1990, appellant's attorney sent a letter to the Director of Administration of the AAFES, stating that appellant was filing an administrative complaint. The letter specifically mentioned that appellant was mistreated by officers and agents of the agency in a manner which resulted in "emotional distress and mental suffering." The letter further stated the exact remedy which appellant was requesting from the agency: "reinstallation of Mrs. Santiago to her position, the payment of any salaries and benefits and the reinstatement of any rights she would have earned if not improperly discharged and the amount of $50,000.00." The agency

---

* Of the District of Puerto Rico, sitting by designation.

replied with a letter that indicated it was treating the case as a routine dismissal under military regulations. The letter stated that "Ms. Santiago's rights to reinstatement were governed by the provisions of Army Regulation (AR) 60–21/Air Force Regulation (AFR) 147–15." These regulations require that an appeal of an adverse action be brought within twenty-one days. Since appellant's letter had been sent after the twenty-one-day period, the agency indicated that it could take no action because she lacked a regulatory basis for a review of her complaint. The agency letter, while addressing the reinstatement and back-pay claim, did not respond to the claim for damages for emotional distress.

After receiving this letter, appellant filed the present suit in the United States District Court. She brought suit against her employer, AAFES, as well as her immediate supervisor, Mayra Moore, and the security manager, Jacques Zayde, under the Tucker Act, 28 U.S.C. § 1346(a)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680. The district court dismissed the suit after substituting the United States as the proper party. The district court found that appellant's letter did not give the agency sufficient notice of appellant's claim and that appellant's complaint stated a cause of action for false imprisonment, a cause of action excepted under the statute. 28 U.S.C. § 2680(h). Appellant now appeals the dismissal of the claims under the Federal Tort Claims Act.

## II.

## FEDERAL TORT CLAIMS ACT

A. *Administrative Requirements of the FTCA*

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, waives the sovereign immunity of the United States to suits in tort. The prerequisite for liability under the Act is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, unlike a suit against a private person, the Congress has created an administrative procedure that claimants must follow and exhaust. This procedure allows the agency involved to receive a claim, investigate, and perhaps settle the dispute before a suit is filed. 28 U.S.C. § 2675. Section 2675 provides that "[a]n action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." The stated legislative purpose of this administrative prerequisite was to balance the goal of efficiently encouraging settlement between the agency and the claimant with the desire to provide "fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government." S.Rep. No. 1327, 89th Cong., 2d Sess. 2, *reprinted in* 1966 USCCAN 2515, 2516.

Section 2675 requires that the potential plaintiff give notice to the government of the nature of the claim and the damages requested. 28 U.S.C. § 2675(a).[1] Failure to timely file an administrative claim with the appropriate federal agency results in dismissal of the plaintiff's claim, since the filing of an administrative claim is a nonwaivable jurisdictional requirement. *Unit-*

---

**1.** Section 2675(a) states:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the agency in writing and sent by

certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

ed States v. Kubrick, 444 U.S. 111, 113, 100 S.Ct. 352, 355, 62 L.Ed.2d 259 (1979); *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir.1992); *Corte–Real v. United States*, 949 F.2d 484, 485 (1st Cir.1991); *González–Bernal v. United States*, 907 F.2d 246, 248 (1st Cir.1990); *Richman v. United States*, 709 F.2d 122 (1st Cir.1983).

The Justice Department has promulgated regulations which flesh out the requirements for the presentation of administrative claims for settlement. 28 C.F.R. §§ 14.1–14.11. The statutory notice requirement of section 2675 coincides with the presentment requirement in 28 C.F.R. § 14.2(a): "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain...." The difficulty created by the overlap between the presentment requirements of the regulation and the notice requirement of the statement is that the regulations also require additional information which is only relevant for settlement purposes. Acknowledging that the additional information is not relevant for notice purposes, this circuit has followed the general shift among all circuits toward a recognition of the distinction between presenting a claim in a section 2675 context and presenting a claim for settlement. *López v. United States*, 758 F.2d 806 (1st Cir.1985); *see also GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C.Cir.1987); *Johnson v. United States*, 788 F.2d 845, 848 (2d Cir.), *cert. denied*, 479 U.S. 914, 107 S.Ct. 315, 93 L.Ed.2d 288 (1986); *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir.1982); *Adams v. United States*, 615 F.2d 284, 288–89 (5th Cir.1980); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981); *Charlton v. United States*, 743 F.2d 557, 561 (7th Cir.1984); *Farmers State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276 (8th Cir.1989); *Warren v. United States Dep't. of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984); *Bush v. United States*, 703 F.2d 491, 494 (11th Cir.1983). Only after the process of settlement has been initiated does the additional information required by the regulations become relevant. All that is needed for notice is what the statute specifies.

■ We understand a plaintiff to have satisfied the notice requirement of section 2675 if he or she provides a claim form or "other written notification" which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought. *López*, 758 F.2d at 809–10 (citing the standard in *Adams*, 615 F.2d at 289, with approval); *see also Corte–Real*, 949 F.2d at 485 (claim should not be thrown out for failure to specify sum certain with absolute clarity). This circuit approaches the notice requirement leniently, "recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims." *López*, 758 F.2d at 809. A flexible approach to the notice requirement is in keeping with the original purpose behind the filing of an administrative claim: that of allowing the efficient investigation of a claim by the agency without sacrificing the entitlement of a claimant to his or her cause of action against the government. This approach to the notice requirement recognizes that Congress intended to leave the ultimate choice between settlement and suit in the hands of the claimant. *GAF Corp.*, 818 F.2d at 918. In the context of section 2675, the emphasis is on the agency's receipt of information: it must have enough information that it may reasonably begin an investigation of the claim.[2] "Our decision in *Corte–Real* supports saving a claim that is flawed, when the government's investigatory needs are satisfied." *Kokaras v. United States*, 980 F.2d 20 (1st Cir.1992).

■ The district court found that the letter from appellant's counsel to the Director of Administration of the AAFES failed to fulfill the requirements of the statute because it did not mention either

---

**2.** In *Corte–Real,* we emphasized that it was the information available in the notice supplied to the agency, and not the form in which it was presented, that was crucial.

the FTCA, negligence or tort. This failure to mention the basis of any potential claim, the court found, meant that the agency did not have sufficient notice of the nature of the appellant's complaint against the agency. However, it is clear that appellant's letter fulfills the statutory requirement. The letter provides sufficient information to allow the agency to investigate: it states the identity of appellant, the date of the incident, the location of the incident, the government agents involved, and the type of injury alleged. It also states the amount of the damages the appellant is requesting. The letter adequately indicated that appellant's complaint was premised on her emotional distress and mental suffering. The language put the agency on notice that it should investigate the possibility of potential tortious behavior on the part of its agents. The fact that the agency misunderstood appellant's letter, choosing to interpret it solely as a belated appeal of an adverse administrative personnel action, should not prejudice appellant's suit. The appellant satisfied the statutory requirements and under the current state of the law is not required to give any additional information unless it is requested.[3]

The court has subject matter jurisdiction over the appellant's claims under the FTCA. However, appellant's claim is limited to the information she included in the letter. In other words, she alone, and not her husband or the conjugal partnership, may bring a claim for damages up to $50,-000. Nor are appellant's claims for reinstatement and back pay cognizable under the FTCA, which provides only for tort monetary compensation. The appellant's claim is limited to the information included in the letter which gave the agency notice of her claim.

B. *The Intentional Tort Exception to the FTCA*

■ The Federal Tort Claims Act excepts certain intentional torts from its general waiver of sovereign immunity. 28

U.S.C. § 2680. One of these exceptions is "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights." 28 U.S.C. § 2680(h). The district court correctly determined that the exceptions in 28 U.S.C. § 2680 are interpreted according to federal law in order to avoid any dependence of federal subject matter jurisdiction upon state law. *Hydrogen Technology Corp. v. U.S.*, 831 F.2d 1155, 1161 (1st Cir.1987); *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). However, while this might mean that the district court could properly decide that a claim for false imprisonment or false arrest is precluded by section 2680(h), this does not mean that appellant's complaint does not give rise to another cause of action which is available under the FTCA.

■ The appellant's complaint might be read to plead a cause of action for intentional or negligent infliction of emotional distress. There is no exception in section 2680 which disallows a claim for the infliction of emotional distress by government agents. Claims against the government for intentional infliction of emotional distress are not excepted from the FTCA. *Sheehan v. United States*, 896 F.2d 1168 (9th Cir.1990). Nor has such an exception been read into the statute. The Supreme Court has taken a very strict approach to the reading of section 2680. It has held that "[t]here is no justification for this Court to read exemptions into the Act beyond those provided by Congress." *Rayonier, Inc. v. United States*, 352 U.S. 315, 321, 77 S.Ct. 374, 378, 1 L.Ed.2d 354 (1957). And even in the case where the facts of the complaint might give rise to similar torts, "the partial overlap between ... two tort actions does not support the conclusion that if one is excepted under the Tort Claims Act the other must be as well." *Block v. Neal*, 460 U.S. 289, 298, 103 S.Ct.

---

**3.** The court in *López* distinguishes between the situation where the agency is simply being given notice of a claim and the situation embodied in an earlier case, *Swift v. United States*, 614 F.2d

812 (1st Cir.1980), where the agency, in an attempt to further settlement, requested more information which the claimant ignored. *López*, 758 F.2d at 810.

1089, 1094, 75 L.Ed.2d 67 (1983). Therefore, although appellant's claim for intentional infliction of emotional distress may overlap with a claim for false imprisonment, which is excepted, it does not follow that the first claim is also excepted.

### III.

### CONCLUSION

Appellant has adequately informed the agency of her intention to file suit for her alleged harassment by government agents. The dismissal of appellant's suit as excepted under section 2680 was premature. Because the complaint can be read as stating a claim for intentional or negligent infliction of emotional distress, the plaintiff may go forward on that theory. The present disposition is without prejudice of further motion disposition under Fed.R.Civ.P. 56 once the parties have had an opportunity of addressing the issues consistently with this opinion.

*Reversed and Remanded.*