30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Gerard A. CORMIER, ET AL., Plaintiffs, Appellants,
v.
U.S. DEPARTMENT OF LABOR, ET AL., Defendants, Appellees.
 No. 94-1061
 United States Court of Appeals,
First Circuit.
 July 19, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge ]
 Gerard A. Cormier on brief pro se.
 Donald K. Stern, United States Attorney, and Roberta T. Brown, Assistant U.S. Attorney, on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Torruella, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 This is a pro se appeal from a summary judgment entered by the district court in favor of the government and against plaintiffs-appellants, Gerard A. Cormier ("Cormier"), his wife and children. We affirm.
 
 Background
 
 2
 In October, 1992, Cormier filed a complaint pro se in the United States District Court for the District of Massachusetts on behalf of himself and his family, claiming violation of the Federal Tort Claims Act ("FTCA").[1] Essentially, Cormier claims that his former employer, the United States Department of the Treasury, Internal Revenue Service ("IRS"), and the United States Department of Labor, Office of Workers Compensation Programs ("OWCP") caused pain and suffering to Cormier and his family as a result of their mishandling of his worker's compensation claim.
 
 
 3
 Cormier had filed a worker's compensation claim in February, 1979, claiming a "disabling emotional condition" resulting from harassment by an irate taxpayer and other work- related stresses.[2] The OWCP originally denied Cormier's claim on the ground that his emotional illness was not caused by the conditions of his employment. On appeal, the case was remanded to resolve a conflict in medical opinions.
 
 
 4
 The OWCP granted Cormier an award in July, 1984, only to rescind the award in October, 1984. Cormier appealed to a hearing officer and eventually to the Employees Compensation Appeals Board ("ECAB"). After a hearing, the ECAB ruled in Cormier's favor and,in an opinion dated September 18, 1986, remanded to the OWCP for referral to a medical specialist for an impartial medical evaluation to be followed by the issuance of a de novo decision. In February, 1988, the OWCP awarded benefits to Cormier. His request for interest and attorneys' fees was denied.
 
 
 5
 In his complaint, Cormier requests the following compensation for the alleged violation of the FTCA: interest on the worker's compensation award, attorneys' fees and costs for the worker's compensation case, three days' pay allegedly still due, and $500,000 for each of the five plaintiffs for emotional distress, pain and suffering. In September, 1993, the government moved for summary judgment on the grounds that Cormier's failure to file an administrative claim deprived the district court of jurisdiction over the tort claim and that the OWCP's denial of interest and attorneys' fees was not reviewable by a court of law.
 
 
 6
 Judge William G. Young of the United States District Court for the District of Massachusetts held a motion hearing on November 23, 1993. Cormier was represented by counsel. The hearing was held at the Boston College School of Law, apparently before a group of law students. At the conclusion of the hearing, the district court granted the motion for summary judgment for lack of subject matter jurisdiction on the ground of Cormier's failure to file an administrative claim. The district court did not issue a written opinion.
 
 Discussion
 
 7
 We review a district court's grant of summary judgment de novo. See Calenti v. Boto, et al., No. 93-1759, slip op. at 6 (1st Cir. May 23, 1994). "We read the record indulging all inferences in favor of the non-moving party. Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. (citations omitted).
 
 
 8
 Cormier raises two issues on appeal. First, he argues that the motion hearing conducted by Judge Young amounted to a denial of due process because he was not given an adequate opportunity to address the court, the court discriminated against his out-of-state attorney, the classroom format imposed unreasonable time restrictions on the hearing and the court was unfamiliar with the contents of the case record. Second, Cormier contests the court's finding that he failed to file the required administrative tort claim in a timely fashion.
 
 
 9
 There is simply no support in the record for Cormier's claim that he was denied a fair hearing on the summary judgment motion. A review of the transcript from the motion hearing indicates that the district court gave ample opportunity to Cormier and his attorney to make their arguments, treated both parties and their attorneys with respect, demonstrated a complete understanding of the relevant facts and law and decided the motion correctly. Although the forum for the hearing was somewhat unusual, it did not deprive Cormier of a fair hearing. Nor did Cormier object to the forum, although he had advance notice that the hearing would be held at Boston College Law School.
 
 
 10
 The district court correctly ruled that Cormier's failure to file an administrative claim deprived it of jurisdiction over Cormier's tort claims against the government. The timely filing of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to the prosecution of an FTCA claim. See 28 U.S.C. Sec. 2675(a); see also Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993). The district court found that plaintiffs had failed to file an administrative claim on time and, therefore, dismissed the case for lack of jurisdiction. Cormier argues on appeal that his letter to the ECAB, dated October 1, 1990, constituted an administrative claim. Alternatively, he argues that the Form 95s that he and the other plaintiffs filed in November, 1993 satisfied the administrative claim requirement.
 
 
 11
 "This circuit approaches the notice requirement leniently," Santiago-Ramirez v. Secretary of Dep't of Defense, 984 F.2d 16, 19 (1st Cir. 1993). Cormier's letter to the ECAB, however, failed to meet even the minimal requirements imposed by this court: that the notification include "1) sufficient information for the agency to investigate the claims, and 2) the amount of damages sought." Id.
 
 
 12
 The letter requested that the ECAB review the OWCP's award to Cormier, specifically its failure to award interest and attorneys' fees. In the last sentence of his letter, Cormier states his belief that "this is being filed within one year of the decision as I thought the check of 10/2/89 would include the interest for the 10 years," indicating that the letter was intended as an appeal from the OWCP's failure to award interest and attorneys' fees. There is no suggestion in the letter that Cormier was also requesting damages for himself and his family for emotional pain and suffering. By failing to state the most basic information-the type of injury alleged and the amount of damages requested as compensation for that injury-the letter clearly fails to fulfill the statutory requirement. See Santiago-Ramirez, 984 F.2d at 20 (letter fulfilled statutory requirement where it stated the type of injury alleged and the amount of damages requested and "adequately indicated that appellant's complaint was premised on her emotional distress and mental suffering.")
 
 
 13
 At best, Cormier's letter gave notice to the government of his claims for interest and attorneys' fees. Those claims, however, amount to a request for review of the OWCP's award under the Federal Employee's Compensation Act. It is well established that we have no jurisdiction to review such awards. "The Secretary [of Labor's] action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law. 5 U.S.C. Sec. 8128(b)(1) and (2) and Sec. 8145." Bruni v. United States, 964 F.2d 76, 79 (1st Cir. 1992) (footnote omitted).
 
 
 14
 The administrative claim forms (Form 95s) filed by Cormier and his family in November, 1993 also failed to fulfill the statutory requirement. The forms were filed after Cormier commenced the FTCA action in federal court. The Supreme Court recently held that a district court lacked jurisdiction over an FTCA action where "the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." McNeil v. United States, 113 S. Ct. 1980, 1981 (1993). The Court specifically held that a litigant's pro se status does not excuse his failure timely to file an administrative claim. Id. at 1984.[3]
 
 
 15
 For the foregoing reasons, the district court's entry of summary judgment in favor of the government is affirmed.
 
 
 
 [1]
 Cormier, acting pro se, is representing himself and his wife and children in this appeal. This court generally prohibits non-lawyers from representing litigants other than themselves. See Amann v. Stow School System, 982 F.2d 644, 648 n. 2 (1st Cir. 1992). "However, because we affirm on the merits, we need not determine whether [Cormier's wife's and children's appeals] are properly before us." Id
 
 
 [2]
 This procedural history of Cormier's worker's compensation claim is taken from his complaint
 
 
 [3]
 The Form 95s are also insufficient in that they were not filed within the two-year statute of limitations period for FTCA claims. See 28 U.S.C. Sec. 2401(b). Cormier's argument that his children's minority tolled the statute of limitations is without merit. See Vega-Velez v. United States, 800 F.2d 288, 290 (1st Cir. 1986) (holding that "it is well established that state (and commonwealth) tolling rules do not affect the two- year statute of limitations applicable to federal claims." and citing Jastremski v. United States, 737 F.2d 666 (7th Cir. 1984) (minority does not toll federal statute of limitations)); see also Landreth By and Through Ore v. United States, 850 F.2d 532, 534 (9th Cir. 1988) ("The fact of minority does not toll the statute [of limitations established by 28 U.S.C. Sec. 2401(b) ]."), cert. denied,, 488 U.S. 1042 (1989)