USCA1 Opinion

 

 July 19, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1061 GERARD A. CORMIER, ET AL., Plaintiffs, Appellants, v. U.S. DEPARTMENT OF LABOR, ET AL., Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ___________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ ___________________ Gerard A. Cormier on brief pro se. _________________ Donald K. Stern, United States Attorney, and Roberta T. ________________ ___________ Brown, Assistant U.S. Attorney, on brief for appellees. _____ __________________ __________________ Per Curiam. This is a pro se appeal from a summary __________ ___ __ judgment entered by the district court in favor of the government and against plaintiffs-appellants, Gerard A. Cormier ("Cormier"), his wife and children. We affirm. Background __________ In October, 1992, Cormier filed a complaint pro se in ___ __ the United States District Court for the District of Massachusetts on behalf of himself and his family, claiming violation of the Federal Tort Claims Act ("FTCA").1 Essentially, Cormier claims that his former employer, the United States Department of the Treasury, Internal Revenue Service ("IRS"), and the United States Department of Labor, Office of Workers Compensation Programs ("OWCP") caused pain and suffering to Cormier and his family as a result of their mishandling of his worker's compensation claim. Cormier had filed a worker's compensation claim in February, 1979, claiming a "disabling emotional condition" resulting from harassment by an irate taxpayer and other work-related stresses.2 The OWCP originally denied ____________________ 1. Cormier, acting pro se, is representing himself and his ___ __ wife and children in this appeal. This court generally prohibits non-lawyers from representing litigants other than themselves. See Amann v. Stow School System, 982 F.2d 644, ___ _____ __________________ 648 n.2 (1st Cir. 1992). "However, because we affirm on the merits, we need not determine whether [Cormier's wife's and children's appeals] are properly before us." Id. ___ 2. This procedural history of Cormier's worker's compensation claim is taken from his complaint. -2- Cormier's claim on the ground that his emotional illness was not caused by the conditions of his employment. On appeal, the case was remanded to resolve a conflict in medical opinions. The OWCP granted Cormier an award in July, 1984, only to rescind the award in October, 1984. Cormier appealed to a hearing officer and eventually to the Employees Compensation Appeals Board ("ECAB"). After a hearing, the ECAB ruled in Cormier's favor and,in an opinion dated September 18, 1986, remanded to the OWCP for referral to a medical specialist for an impartial medical evaluation to be followed by the issuance of a de novo decision. In February, 1988, the OWCP __ ____ awarded benefits to Cormier. His request for interest and attorneys' fees was denied. In his complaint, Cormier requests the following compensation for the alleged violation of the FTCA: interest on the worker's compensation award, attorneys' fees and costs for the worker's compensation case, three days' pay allegedly still due, and $500,000 for each of the five plaintiffs for emotional distress, pain and suffering. In September, 1993, the government moved for summary judgment on the grounds that Cormier's failure to file an administrative claim deprived the district court of jurisdiction over the tort claim and that the OWCP's denial of interest and attorneys' fees was not reviewable by a court of law. -3- Judge William G. Young of the United States District Court for the District of Massachusetts held a motion hearing on November 23, 1993. Cormier was represented by counsel. The hearing was held at the Boston College School of Law, apparently before a group of law students. At the conclusion of the hearing, the district court granted the motion for summary judgment for lack of subject matter jurisdiction on the ground of Cormier's failure to file an administrative claim. The district court did not issue a written opinion. Discussion __________ We review a district court's grant of summary judgment de novo. See Calenti v. Boto, et al., No. 93-1759, slip op. __ ____ ___ _______ ____ _____ at 6 (1st Cir. May 23, 1994). "We read the record indulging all inferences in favor of the non-moving party. Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. (citations omitted). __ Cormier raises two issues on appeal. First, he argues that the motion hearing conducted by Judge Young amounted to a denial of due process because he was not given an adequate opportunity to address the court, the court discriminated against his out-of-state attorney, the classroom format imposed unreasonable time restrictions on the hearing and the court was unfamiliar with the contents of the case record. Second, Cormier contests the court's finding that he failed -4- to file the required administrative tort claim in a timely fashion. There is simply no support in the record for Cormier's claim that he was denied a fair hearing on the summary judgment motion. A review of the transcript from the motion hearing indicates that the district court gave ample opportunity to Cormier and his attorney to make their arguments, treated both parties and their attorneys with respect, demonstrated a complete understanding of the relevant facts and law and decided the motion correctly. Although the forum for the hearing was somewhat unusual, it did not deprive Cormier of a fair hearing. Nor did Cormier object to the forum, although he had advance notice that the hearing would be held at Boston College Law School. The district court correctly ruled that Cormier's failure to file an administrative claim deprived it of jurisdiction over Cormier's tort claims against the government. The timely filing of an administrative claim with the appropriate federal agency is a jurisdictional prerequisite to the prosecution of an FTCA claim. See 28 ___ U.S.C. 2675(a); see also Cotto v. United States, 993 F.2d ___ ____ _____ _____________ 274, 280 (1st Cir. 1993). The district court found that plaintiffs had failed to file an administrative claim on time and, therefore, dismissed the case for lack of jurisdiction. Cormier argues on appeal that his letter to the ECAB, dated -5- October 1, 1990, constituted an administrative claim. Alternatively, he argues that the Form 95s that he and the other plaintiffs filed in November, 1993 satisfied the administrative claim requirement. "This circuit approaches the notice requirement leniently," Santiago-Ramirez v. Secretary of Dep't of ________________ _________________________ Defense, 984 F.2d 16, 19 (1st Cir. 1993). Cormier's letter to _______ the ECAB, however, failed to meet even the minimal requirements imposed by this court: that the notification include "1) sufficient information for the agency to investigate the claims, and 2) the amount of damages sought." Id. ___ The letter requested that the ECAB review the OWCP's award to Cormier, specifically its failure to award interest and attorneys' fees. In the last sentence of his letter, Cormier states his belief that "this is being filed within one year of the decision as I thought the check of 10/2/89 would include the interest for the 10 years," indicating that the letter was intended as an appeal from the OWCP's failure to award interest and attorneys' fees. There is no suggestion in the letter that Cormier was also requesting damages for himself and his family for emotional pain and suffering. By failing to state the most basic information -- the type of injury alleged and the amount of damages requested as compensation for that injury -- the letter -6- clearly fails to fulfill the statutory requirement. See ___ Santiago-Ramirez, 984 F.2d at 20 (letter fulfilled statutory ________________ requirement where it stated the type of injury alleged and the amount of damages requested and "adequately indicated that appellant's complaint was premised on her emotional distress and mental suffering.") At best, Cormier's letter gave notice to the government of his claims for interest and attorneys' fees. Those claims, however, amount to a request for review of the OWCP's award under the Federal Employee's Compensation Act. It is well established that we have no jurisdiction to review such awards. "The Secretary [of Labor's] action in denying or granting compensation is final and conclusive and may not be reviewed by a court of law. 5 U.S.C. 8128(b)(1) and (2) and 8145." Bruni v. United States, 964 F.2d 76, 79 (1st Cir. _____ _____________ 1992) (footnote omitted). The administrative claim forms (Form 95s) filed by Cormier and his family in November, 1993 also failed to fulfill the statutory requirement. The forms were filed after Cormier commenced the FTCA action in federal court. The Supreme Court recently held that a district court lacked jurisdiction over an FTCA action where "the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation." McNeil v. United States, 113 S. Ct. 1980, 1981 ______ _____________ -7- (1993). The Court specifically held that a litigant's pro se ___ __ status does not excuse his failure timely to file an administrative claim. Id. at 1984.3 ___ For the foregoing reasons, the district court's entry of summary judgment in favor of the government is affirmed. ____________________ 3. The Form 95s are also insufficient in that they were not filed within the two-year statute of limitations period for FTCA claims. See 28 U.S.C. 2401(b). Cormier's argument ___ that his children's minority tolled the statute of limitations is without merit. See Vega-Velez v. United ___ __________ ______ States, 800 F.2d 288, 290 (1st Cir. 1986) (holding that "it ______ is well established that state (and commonwealth) tolling rules do not affect the two-year statute of limitations applicable to federal claims." and citing Jastremski v. __________ United States, 737 F.2d 666 (7th Cir. 1984) (minority does _____________ not toll federal statute of limitations)); see also Landreth ___ ____ ________ By and Through Ore v. United States, 850 F.2d 532, 534 (9th __________________ _____________ Cir. 1988) ("The fact of minority does not toll the statute [of limitations established by 28 U.S.C. 2401(b)]."), cert. ____ denied,, 488 U.S. 1042 (1989). _______ -8-