**Radhames PEREZ, d/b/a R & G Ultra Service, Plaintiff, Appellant,**

v.

**BANKBOSTON, N.A., et al., Defendants, Appellees.**

No. 00–2310.

United States Court of Appeals, First Circuit.

Dec. 18, 2001.

Radhames Perez on brief, pro se.

Lawrence J. Crowley, Jr., Renea I. Saade and Riemer & Braunstein LLP on brief, for appellees BankBoston, N.A. n/k/a Fleet National Bank f/k/a The First National Bank of Boston.

Richard A. Johnston, Samantha J. Morton and Hale and Dorr LLP on brief, for appellee IES, Inc.

James B. Farmer, United States Attorney, Gina Y. Walcott Torres and George B. Henderson, II, Assistant U.S. Attorneys, Lawrence P. Heffernan, Elizabeth C. Sackett and Robinson & Cole, George C. Rockas, Kathleen M. Colbert and Wilson, Elser, Moskowitz, Edelman & Dicker, LLP on brief, for appellees United States Samll Business Administration, David Rodriguez, and Lawrence Perlmutter.

Before BOUDIN, Chief Judge, SELYA and LIPEZ, Circuit Judges.

PER CURIAM.

Pro se appellant Radhames Perez appeals from the district court's denial of his recusal motion and from its dismissal with prejudice of his claims against the Small Business Administration ("SBA").[1] We affirm for the following reasons.

First, Perez has not shown that the district court abused its discretion in denying his recusal motion without a hearing. By itself, the court's adverse decision in his prior suit against the SBA would not show bias or partiality sufficient to justify recusal. *See, e.g., United States v. Barnes,* 909 F.2d 1059, 1072 (7th Cir.1990) (upholding denial of recusal motion without hearing where motion was based on claim of bias deriving from court's involvement in past litigation).

Second, Perez has not shown that the court erroneously dismissed his claims. For the most part, he has offered argument on irrelevant points, or has waived his claims of error by failing to develop the necessary supporting argumentation. *See King v. Town of Hanover,* 116 F.3d 965, 970 (1st Cir.1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived") (internal quotation marks and citation omitted). Moreover, even if the court erred in relying on res judicata for the dismissal of certain claims (e.g., the claim for "injunctive relief" and for emotional distress), dismissal was appropriate for other reasons. The complaint failed to make factual allegations showing that injunctive relief against the SBA was warranted. And the district court's determination that it lacked jurisdiction over the negligence claim under the Federal Tort Claims Act—because Perez had not presented his claim to the agency before bringing suit—applied to the emotional distress claim as well, even if Perez meant to assert an intentional infliction of emotional distress. *See Santiago–Ramirez v. Secretary of Dept. of Defense,* 984 F.2d 16, 20 (1st Cir.1993) (concluding that plaintiff could assert claim for intentional infliction of emotional distress under the FTCA despite provisions excepting certain intentional torts).

*Affirmed. See Loc. R. 27(c).*

---

1. To the extent that Perez's appellate brief mentions in passing his claims against the other defendants, we reject these fragmented references as insufficiently developed argument and affirm the district court's dismissal of these claims as well.