329 F.Supp.2d 260 (2004)
Edwina QUIÑONES SEPÚLVEDA, Plaintiff
v.
UNITED STATES of America, Defendant.
No. CIV.00-2374 (JAG).
United States District Court, D. Puerto Rico.
August 10, 2004.
*261 Joseph Deliz-Hernandez, Bayamon, PR, for Plaintiff.
Camille L. Velez-Rive, Jose J. Santos-Mimoso, San Juan, PR, for Defendant.

OPINION AND ORDER
GARCIA-GREGORY, District Judge.
On November 3, 2003, following the conclusion of a three-day non-jury trial, this Court ordered the parties, Edwina Quinones Sepulveda ("plaintiff") and the United States of America ("United States"), to file post-trial Memoranda of Law as well as proposed Findings of Fact and Conclusions of Law. On December 3, 2003, plaintiff complied with the Court's order (Docket No. 77), while the United States did so on December 15, 2003 (Docket No. 80). The Court has carefully reviewed the parties' submissions and, based thereon as well as on the evidence presented at trial, including its assessment of the witnesses that testified, now makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT
This Court finds that the following facts have been established by a preponderance of the evidence.
1. On December 28, 1998, at around 1:15 p.m., Edwina Quinones Sepulveda ("plaintiff"), was walking on a sidewalk at the Fort Buchanan military base in Guaynabo, Puerto Rico. (Transcript 10/30/03 at 67.)
2. The sidewalk which plaintiff was walking on was located in the vicinity of the Post Exchange and some laundry facilities. (Id.)
*262 3. As plaintiff was walking on the sidewalk in the direction of the aforementioned laundry facilities, she tripped and fell. (Id. at 71.)
4. Plaintiff was familiar with the general area where the fall took place (Id. at 64). The day of her accident was most likely not the first time she had walked on the particular sidewalk at issue. (Id. at 129.)
5. On the day of the accident, plaintiff did not see or know on what she had tripped. (Id. at 107.)
6. The sidewalk where plaintiff tripped and fell had some transverse and longitudinal cracking. There was also some unevenness between two of the concrete slabs that made up part of the sidewalk where plaintiff tripped. (Tr. 11/03/03 at 17.)
7. The unevenness at the point of the sidewalk where plaintiff tripped was no more than half-an-inch (1/2) in height. (Id. at 20.)
8. The unevenness where plaintiff tripped at is visible, at daylight, from about twenty to thirty feet away. (Tr. 10/30/03 at 156.)
9. Regardless of the cracking and difference in level, the sidewalk is wide, structurally competent and in good condition. (Tr. 11/03/03 at 16.)
10. There are no rules, regulations, or building codes that cover the difference in level that may exist in exterior sidewalks. (Id. at 25-26.)
11. Plaintiff does not know if the pertinent authorities at Fort Buchanan had any type of maintenance plan for the area where the fall took place. (Tr. 30/10/03 at 118). Plaintiff's expert witness, Engineer Heriberto Martinez, does not know either. (Tr. 10/29/03 at 53.)
12. Plaintiff does not know whether the pertinent authorities at Fort Buchanan ever conducted any type of safety, or risk, assessment of the area where the fall took place. (Tr. 10/30/03 at 118.)
13. The sidewalk is acceptable and adequate to be used as a walkway. Furthermore, it is safe for these purposes. (Tr. 11/03/03 at 24.)
14. When plaintiff fell, she suffered trauma to her knees. She also hurt her back and neck. (Tr. 10/30/03 at 10.)
15. Plaintiff suffers from what is medically described as a "whole person impairment" of twenty-two percent (22%). That percentage includes six percent (6%) resulting from carpal-tunnel syndrome, a condition which cannot be categorized as a definitive consequence of the fall. (Id. at 22.)
16. Plaintiff weighed approximately one hundred and seventy-eight (178) pounds on December 28, 1998, the date of her fall. (Id. at 89.)
17. Plaintiff does not suffer from constant pain. (Id. at 30-31.)
18. Plaintiff's proposed expert witness, Engineer Heriberto Velazquez, is not qualified to testify as an expert in the investigation of accidents involving a "trip and fall", for he has not received any training in that specialty. (Tr. 10/29/03 at 29.)
19. Engineer Velazquez was not involved in the construction of the disputed sidewalk, does not know the degree of compacting that was used when the sidewalk was built, and cannot discount the effect of natural elements on the sidewalk's integrity. (Id. at 42-43.)
20. Engineer Velazquez is not an expert in accident prevention and did not state in his report any standard regulations or conditions that were not met by the sidewalk in question. (Id. at 46-48.)
21. The United States' expert witness, David E. Cintron, is an engineer whose *263 specialty is forensic engineering. Forensic engineering is the application of engineering sciences in the investigation, analysis, and evaluation of accidents, for legal purposes. (Tr. 11/03/03 at 4.)
22. In the past, Engineer Cintron has done accident investigations and reconstructions as part of his profession. (Id.)
23. Engineer Cintron has taken multiple courses and seminars related to occupational safety, safety as it relates to Building Codes, accident evaluations, and accident causation. (Id. at 7.)

CONCLUSIONS OF LAW
It is well established that the United States, as sovereign, is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). A waiver of this sovereign immunity must be unequivocally expressed, for it cannot be implied. United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The limitations and conditions upon which the Government consents to be sued must be strictly observed. Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Thus, absent a waiver of sovereign immunity, a court is without subject matter jurisdiction to proceed. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).
The First Circuit firmly adheres to the established judicial recognition that the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, waives the sovereign immunity of the United States to suits in tort. Santiago-Ramirez v. Secretary of Dep't of Defense, 984 F.2d 16, 18 (1st Cir.1993). The prerequisite for liability under the Act is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Id. Consequently, this Court must resort to Puerto Rico law to determine whether and how liability attaches to the United States.
Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, prescribes liability on any person or entity which, by his, her, or its negligent acts or omissions, causes harm or damage. Generally, "Puerto Rico law defines negligence as the failure to exercise due diligence to avoid foreseeable risks." Woods-Leber v. Hyatt Hotels of Puerto Rico, 124 F.3d 47, 50 (1st Cir.1997). To recover on a negligence theory, a plaintiff suing for personal injuries under Article 1802 must demonstrate (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortuous conduct. Id. Foreseeability provides the linchpin both for determining the duty of an actor and for determining his liability for the breach of that duty. Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 972 (1st Cir.1991). Therefore, in order to satisfy the aforementioned requirements, a plaintiff must prove that the injury was reasonably foreseeable and that it could have been avoided had the defendant acted with due care. Woods-Leber, 124 F.3d at 51.
The Puerto Rico Supreme Court has specifically addressed the issue of "trip and fall" accidents occurring on exterior sidewalks. In determining whether a sidewalk is in a reasonably safe condition, factors to be properly considered may *264 include (1) the dimensions of any irregularity, (2) the width of the sidewalk, (3) the flow of pedestrians, and (4) whether any irregularity is of such nature so as to be clearly visible to persons walking on the sidewalk and exercising reasonable care. Davidson v. H.I. Hettinger & Co., 62 D.P.R. 301, 308, 1943 WL 6720 (1943). Moreover and analogously, it should be noted that under Puerto Rico law a municipality is not expected to maintain streets and sidewalks in perfect condition but instead within reasonably safe parameters. Id. at 313, 1943 WL 6720. The Puerto Rico Supreme Court itself, in Marin v. Gobierno De La Capital De P.R., 89 D.P.R. 448 (1963), cited with approval another jurisdiction's espousal of a municipality's duty concerning the conditions of sidewalks. In the referenced case, the Louisiana Supreme Court summarized, and as the Puerto Rico Supreme Court adopted the rule that
"... a municipality is not an insurer of the safety of pedestrians. It must keep the sidewalks reasonably safe, but the maintaining of them in perfect condition is not necessary. To render it liable in damages the defect complained of must be dangerous or calculated to cause injury. Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated, provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.
For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence."
White v. City of Alexandria, 216 La. 308, 43 So.2d 618, 620 (1949).
In the case presently before this Court, plaintiff has failed to establish that the United States failed to exercise due diligence in avoiding foreseeable risks, hence, the United States is not liable under a theory of negligence. The half-inch depression in the location where plaintiff tripped on the sidewalk did not constitute a defect that rose to the level of a foreseeable risk, especially considering the fact that it was readily visible twenty to thirty feet away. Moreover, the sidewalks of any urban setting, Puerto Rico hardly being the exception, are not expected to be flawless by the reasonable pedestrian. This Court fully credits the testimony of the United States' qualified expert witness who, after conducting a serious and reliable examination of the disputed area, concluded that the sidewalk was structurally competent and in above-average condition. This aforementioned witness is highly credible in light of his experience and expertise in the areas of accident prevention, accident recreation, and occupational safety *265 guidelines.[1] Thus, no duty of care was violated by failing to foresee plaintiff's accident under the circumstances.
Likewise, plaintiff did not present any evidence to the effect that the defect in the sidewalk was caused by any deliberate act of the United States, nor to the effect that other similar accidents had been reported to the authorities at Fort Buchanan. Surprisingly, plaintiff did not even bother to present any evidence to support the claim that risk assessments by the United States were wanting. To the contrary, all testimony on the matter, including plaintiff's, disperses any comparable notion.
Consequently, plaintiff has failed to show how the United States' failed to exercise due diligence in guarding against a foreseeable risk. The sidewalk on which plaintiff tripped was wide, adequate, and any irregularities it presented were visibly perceivable to the ordinary and reasonable pedestrian. Consequently, the United States was not negligent nor did it breach any duty of care towards plaintiff inasmuch as plaintiff's injuries were not reasonably foreseeable. This lack of tortious conduct therefore undercuts the entire basis for plaintiff's theory of negligent causation. Woods-Leber, 124 F.3d at 51.

CONCLUSION
For the foregoing reasons, the Court finds that the United States is not liable to plaintiff Edwina Quinones Sepulveda and her complaint shall be dismissed with prejudice. Judgment shall be entered accordingly.
IT IS SO ORDERED.
In San Juan, Puerto Rico, this 10th day of August 2004.
NOTES
[1] In stark contrast to the rigorous and helpful expert witness presented by the United States, plaintiff sustains her allegations with the testimony of a civil engineer who at trial admitted his lack of expertise and training in the area of accident prevention. Likewise, plaintiff's expert witness failed to corroborate his testimony at trial regarding the alleged sub-standard structure of the controverted sidewalk with the assistance of any credible evidentiary foundation. In short, the credibility of plaintiff's expert witness and the relevance of his testimony are practically nonexistent.