USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1394 LYNETTE SANTIAGO-RAMIREZ, ET AL., Plaintiffs - Appellants, v. SECRETARY OF DEPARTMENT OF DEFENSE OF THE U.S.A., ET AL., Defendants - Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. P rez-Gim nez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Boyle,* Senior District Judge. _____________________ _____________________ John Ward-Llamb as for appellants. __________________ Isabel Mu oz-Acosta, Assistant United States Attorney, with ___________________ whom Guillermo Gil, United States Attorney, was on brief for _____________ appellees. ____________________ August 16, 1995 ____________________  ____________________ * Of the District of Rhode Island, sitting by designation. BOYLE, Senior District Judge. The questions presented BOYLE, Senior District Judge. _____________________ on appeal in this case are the following: whether this Court's statement, in its prior reversal of the district court, that the complaint might be read to state a cause of action for intentional infliction of emotional distress constitutes the "law of the case" which binds the district court and, if not, whether the district court's subsequent dismissal was proper. Because we find that this Court did not previously express its view as to the law applicable to this case and that the district court correctly dismissed the case, we affirm. I. BACKGROUND I. BACKGROUND ______________ We summarize the facts only briefly as they are laid out in detail in our prior opinion. See Santiago Ram rez v. ___ ________________ Secretary of the Department of Defense, 984 F.2d 16 (1st Cir. ________________________________________ 1993). Because this is a review of a grant of summary judgment, we view the facts in a light most favorable to the non-movant. See Coyne v. Taber Partners, 53 F.3d 454, 457 (1st Cir. 1995). ___ _____ ______________ Appellant, Santiago, worked as a cashier at Fort Buchanan's Army Post Exchange Store. The store's policy prohibited employees from carrying merchandise through the front door. On June 29, 1990, Santiago and a co-employee violated this policy when they removed bags containing store merchandise through the front entrance. They placed these bags in the trunk of the co- employee's car. Unbeknownst to Santiago, the bags contained stolen merchandise. The Safety and Security Manager and Santiago's supervisor questioned her for a total of 45 minutes -2- concerning this breach of store policy. Santiago told them that she did not know that the merchandise was stolen but was aware of the store's regulation that prohibited employees from carrying merchandise through the front door. She was later terminated for violating this regulation. The District Court granted the defendant's motion to dismiss based on its finding that Santiago did not give the defendant adequate notice of her suit as required by the Federal Tort Claims Act. See 28 U.S.C. 2675 ___ (1994). Santiago appealed. We found that a letter Santiago had sent to the defendants satisfied the statute's notice requirement. See ___ Santiago, 984 F.2d at 19. Because the government is not immune ________ from suit based on a claim of intentional infliction of emotional distress, we stated that the complaint "might be read to plead a cause of action for intentional infliction of emotional distress." Id. at 20. We, therefore, remanded to the District ___ Court for a determination as to whether Santiago's complaint could be read to state a cause of action for intentional infliction of emotional distress. Santiago, 984 F.2d at 19. See ________ ___ also, 28 U.S.C. 2680(h) (1994). ____ The district court again granted the defendant's motion to dismiss, holding that under Puerto Rico law the facts alleged in the complaint did not state a claim for intentional infliction of emotional distress and the action was thus barred by Puerto Rico's Workmen's Accident and Compensation Act. Santiago has again appealed. -3- II. DISCUSSION II. DISCUSSION _______________ The Law of the Case The Law of the Case ___________________ Santiago asserts that this Court held that her claim could go forward on the theory of intentional infliction of emotional distress. She claims that the district court was bound by this ruling and could not subsequently find that the claim based on this theory was without merit.  The doctrine of the law of the case directs that a decision of an appellate court as to a matter of law governs that issue during all subsequent stages of litigation. See Commercial ___ __________ Union Insurance Co. v. Walbrook Insurance Co. Ltd., 41 F.3d 764, ____________________ ___________________________ 769 (1st Cir. 1994) (citing United States v. Rivera-Mart nez, 931 _____________ _______________ F.2d 148 (1st Cir.), cert. denied, __ U.S. __, 112 S. Ct. 184 _____ ______ (1991)). "When the reviewing court, in its mandate, prescribes that a court shall proceed in accordance with the opinion of the reviewing court, it incorporates its opinion into its mandate." Id. at 770 (citing Jones v. Lewis, 957 F.2d 260, 262 (6th Cir.), ___ _____ _____ cert. denied __ U.S. __, 113 S. Ct. 125 (1992)). _____ ______ Here, the Court of Appeals has issued no such mandate. Our prior opinion simply stated that the appellant's claim might _____ be read to state a cause of action for intentional or negligent infliction of emotional distress. See Santiago-Ram rez, 984 F.2d ___ ________________ at 18. We remanded to the district court for a determination of this issue. See id. at 20, 21. Moreover, this Court not only ___ ___ refused to direct the district court on this issue, it specifically stated that "[t]he present disposition is without -4- prejudice of further motion disposition under Fed. R. Civ. P. 56 once the parties have had an opportunity of addressing the issues consistently with this opinion." Id. Thus, this Court did not ___ determine that Santiago's claim for intentional infliction of emotional distress had merit. The district court was free to find that the complaint failed to state a claim under that theory. Dismissal for Failure to State a Claim Dismissal for Failure to State a Claim ______________________________________ We must now consider whether the lower court properly dismissed, for a second time, Santiago's claims for intentional infliction of emotional distress. Santiago's claim is brought under the Federal Tort Claims Act (FTCA). See 28 U.S.C. 2671, ___ et seq. (1994). The FTCA prescribes that the government can only __ ____ be held liable "in accordance with the law of the place where the act of omission occurred." 28 U.S.C. 1346(b)(1993).  Puerto Rico has codified the law dealing with tort claims by employees against their employers in the Puerto Rico Workmen's Compensation Act (PRWACA). See P.R. Laws Ann. tit. 11, ___ 1 et seq. When an employer insures his or her employees in __ ___ accordance with the PRWACA, the compensation provided by the act becomes the exclusive remedy available to the plaintiff-employee. See P.R. Laws Ann. tit. 11, 20. According to Puerto Rico case ___ law, however, intentional torts fall outside the PRWACA's compensatory scheme. See Pacheco-Pietri v. Commonwealth of ___ ______________ ________________ Puerto Rico, RE-89-524 Certified. Translation (S.Ct.P.R. 1992); ___________ Odriozola v. Superior Cosmetic Dist. Corp., 116 D.P.R. 485 _________ _______________________________ -5- (1985). Because intentional torts are excluded, we must determine whether Santiago's complaint states a cause of action for a intentional tort; here the tort of intentional infliction of emotional harm.  Because there is limited authority in Puerto Rico concerning the elements of the tort of intentional infliction of emotional harm, we must look to other jurisdictions. The tort of intentional infliction of emotional harm exists when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." Restatement (Second) of Torts 46 (1965). See also Thorpe v. Mutual of Omaha Ins. Co., ________ ______ _________________________ 984 F.2d. 541, 545 (1st. Cir. 1993)(conduct must be "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community"). Moreover, courts have allowed employers some latitude in investigating possible employee misconduct. See Starr v. Pearle Vision, Inc., ___ _____ ___________________ 54 F.3d 1548, 1558 (10th Cir. 1995). In Starr, a 1995 case in _____ the tenth circuit, the court held that a plaintiff's allegations that her employer yelled at her, pushed her back down into her chair, touched her arm and blocked her exit from the room during questioning, did not rise to the level of outrageousness required to state a cause of action for intentional infliction of emotional harm. Here the complaint is quite fact specific. It alleges that Santiago was "questioned during around (sic) forty-five (45) minutes and was shown a videotape supposedly taken at the store -6- where she worked." Complaint at 2. She was told that if she did not cooperate with the investigation "all of this could be taken to the F.B.I." See id. After the interview, she signed a ___ ___ statement. See id. These acts as alleged are well within the ___ ___ foreseeable consequences of her actions and fall far short of the outrageousness needed to support a cause of action for intentional infliction of emotional harm. See Restatement ___ (Second) of Torts 46 (1965). See also Thorpe, 984 F.2d at 545; ________ ______ Starr, 54 F.3d at 1558. _____ The Supreme Court of Puerto Rico dealt with similar factual circumstances in Pacheco-Pietri v. Commonwealth of Puerto ______________ ______________________ Rico, RE-89-524 Certified. Translation (S.Ct.P.R. 1992).1 In ____ Pacheco-Pietri the plaintiff was a corrections officer who was ______________ required to submit to urinalysis. See id. at 10. The forensic ___ ___ office mistakenly mixed the plaintiff's sample with that of another employee which tested positive for cocaine. See id. As ___ ___ a consequence, administrative procedures were taken against the plaintiff including the requirement that the plaintiff submit to drug-addiction treatment at the Anti-Addiction Services Department. See id. After the mistake was discovered, the ___ ___ plaintiff filed a complaint seeking damages for negligence and emotional distress. See id. at 12. ___ ___ The Supreme Court of Puerto Rico upheld that Superior Court's judgment dismissing the complaint. See id. at 23. The ___ ___  ____________________ 1 We rely on the certified translation of Pacheco-Pietri v. _________________ Commonwealth of Puerto Rico provided by the parties since _____________________________ publication in the official English-language reporter is pending. -7- Supreme Court, although not directly addressing the issue of whether this was an intentional tort, found that the incident constituted a labor accident covered by Article 20 of the Puerto Rico Workmen's Accident Compensation Act and not intentional conduct. See id. The court determined that the issue turned on ___ ___ whether the accident occurred in the course of employment. See ___ id. at 19. It stated that "when the employee suffers an accident ___ in the performance of a requirement imposed by the employer for the continuity of the employment, the same shall be considered as having occurred in the course of employment." Id. The court ___ found that because the drug testing and subsequent treatment were part of the requirements for the plaintiff's continued employment, the accident and injuries stemming therefrom were solely compensable under the PRWACA and thus any civil action was barred. See id. at 23. ___ ___ Here, the Fort Buchanan's Army Post Exchange Store had a policy, similar to the drug-testing policy in Pacheco-Pietri, ______________ prohibiting employees from using the front door to transport merchandise. When Santiago was discovered to have violated this policy, she was questioned by her superiors as part of her continued employment. There is no allegation that the questioning was abusive, extreme or outrageously intimidating. Plaintiff's experience is not unlike that experienced by the plaintiff in Pacheco-Pietri. Santiago claims, without any ______________ suggestion either that the questioning was abusive or extreme in light of the circumstances, that the actions of her employers -8- constituted an intentional infliction of emotional harm. Because this questioning was a necessary incident of employment for an employee who had broken the rules, under Puerto Rican law it cannot be said to be intentionally tortious. See Pacheco-Pietri ___ ______________ v. Commonwealth of Puerto Rico, RE-89-524 Cert. Translation ______________________________ (S.Ct.P.R. 1992), and Odriozola v. Superior Cosmetic Dist. Corp., _________ _____________________________ 116 D.P.R. 485 (1985). III. CONCLUSION III. CONCLUSION ________________ The district court's conclusion that Santiago's complaint does not state a claim for intentional infliction of emotional harm is not in error. We affirm. -9-