**DYNAMIC IMAGE TECHNOLOGIES, INC. and Rafael Vega in His Personal Capacity, and as President of Dynamic Image Technologies, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV. 97–2187(DRD).**

United States District Court,
D. Puerto Rico.

July 17, 1998.

Andres Colon, U.S. Department of Justice, Torts Branch, Washington, DC, Isabel Mu-

noz–Acosta, U.S. Attorney's Office District of PR, Hato Rey, PR, for Defendant.

Ivan Dominguez–Perez, El Monte Mall, Hato Rey, PR, for Plaintiff.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is the United States of America's (Defendant's) motion to dismiss Dynamic Image Technologies and Rafael Vega's (Plaintiff's) complaint. (Docket No. 6.) Plaintiffs oppose Defendant's motion. (Docket No. 9.) Under the Federal Tort Claims Act, the Court lacks subject-matter jurisdiction over almost all of Plaintiffs' claims and dismisses those claims. Fed. R.Civ.P. 12(b)(6). For the reasons explained below, the Court therefore GRANTS IN PART/DENIES IN PART Defendant's motion. The Court dismisses Plaintiffs' action against Defendant, except for Plaintiff Rafael Vega's claim for the intentional infliction of emotional distress and Plaintiffs' claim for negligent supervision. Plaintiffs may amend their complaint accordingly.

## I.  FACTUAL BACKGROUND

On or about July 1, 1991, the United States Postal Service (USPS) announced its policy that bulk rate customers must correct their mailing addresses in order to be eligible for pre-sort discounts. Dynamic Micrographics, Inc. (DMI), the predecessor of Plaintiff Dynamic Image Technologies (DIT)[1], developed a computer system to correct the postal addresses of its customers in Puerto Rico in accordance with the USPS specifications. Plaintiffs had several customers who used this system in Puerto Rico. In October 1993, DMI developed an improved system in accordance with USPS specifications. In July 1995, DMI obtained a USPS quality certification called Coding Accuracy Support System Quality Certification (CASSQC).

In July 1995, USPS held the Automail 95 convention in Puerto Rico for vendors to present their mail processing products to customers. Plaintiffs allege that the Customer Service Manager for USPS in Puerto Rico, Mr. Luis Rafael Peña, informed the convention attendees that no entity in Puerto Rico had CASSQC. In July 1995, Mr. Peña allegedly informed DMI that an Enhanced Regional CASSQC, a new certification, was necessary to do business with USPS in Puerto Rico. Plaintiffs allege that Mr. Peña and other agents of the USPS continued to advise DMI's customers and potential customers of DMI lacked the proper certification. Several customers allegedly discontinued or did not renew their use of Plaintiffs' services because of this misinformation. Prospective clients declined to engage DMI's services.

Plaintiffs claim they questioned Mr. Peña, and Mr. Malavé, the General Postmaster of Puerto Rico and the United States Virgin Islands, about the requirements of enhanced CASSQC. In September 1997, Mr. Robert G. Krause, a USPS employee, advised Plaintiffs that the test was optional. In October 1997, Mr. Peña allegedly advised Plaintiffs of an upcoming test for the alleged new and necessary certification.[2]

Plaintiffs allege that Defendant has committed torts of negligence, intentional tortious contractual interference, and discrimination under the Civil Rights Act. Plaintiffs allege that these wrongs may be redressed under Title 31 of the Laws of Puerto Rico Annotated, Articles 1802 and 1803; the Federal Tort Claims Act, 28 U.S.C. § 2401 *et seq.*, and the Civil Rights Act, 28 U.S.C. § 1983 (properly, 42 U.S.C. § 1983). Plaintiffs claim damages in the form of lost income and mental distress.

## II.  Analysis

### A.  Overview

Defendant the United States of America moves for the dismissal of Plaintiffs' complaint on four primary grounds:

First, Plaintiffs' claim that the actions of government employees and officials interfered with their existing and prospective

---

**1.** Plaintiffs interchangeably refer to DIT and DMI. The Court makes no determination at this time as to whether Dynamic Image Technologies, Inc. is entitled to bring DMI's causes of action.

**2.** The timeline of this sequence of events does not seem logical, but the exact dates do not effect the Court's resolution of this motion.

business is barred by the Federal Tort Claims Act's interference with contract rights exception. 28 U.S.C. § 2680(h). Second, Plaintiffs' allegation that false statements made by government employees and officials caused numerous companies in Puerto Rico to not engage in business deals with them is barred by the Federal Tort Claims Act's slander and libel exception. 28 U.S.C. § 2680(h). Third, the Federal Tort Claims Act misrepresentation exception mandates dismissal of Plaintiffs' complaint inasmuch as it asks for damages caused by the false or mistaken statements of government employees and officials. 28 U.S.C. § 2680(h). Finally, Plaintiffs' action should be dismissed because the United States owes no actionable tort duty to the Plaintiffs under Puerto Rico law. 28 U.S.C. §§ 1346(b), 2641.

(Docket No. 6, at 2 (Defendant's Memorandum in Support of Motion to Dismiss)). The Court agrees with Defendant's first three points and proceeds accordingly.

### B. Standard of Review

For the purposes of deciding a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, the well-pleaded facts alleged in Plaintiffs' complaint should be construed in favor of Plaintiffs. *Aversa v. United States*, 99 F.3d 1200, 1209–10 (1st Cir. 1996) (citation omitted). The Complaint's conclusory allegations, legal conclusions, and opinions are not entitled to deference, and are subject to challenge by Defendant at this stage of the action. *See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Cir.1992). Plaintiffs have the burden to prove that this Court has subject-matter jurisdiction over their claims. *Aversa*, 99 F.3d at 1209.

### C. Jurisdiction Under the Federal Tort Claims Act

As a sovereign, the United States is immune from suit unless it consents to be sued. *Molzof v. United States*, 502 U.S. 301, 305, 112 S.Ct. 711, 714, 116 L.Ed.2d 731 (1992); *Santiago–Ramirez v. Sec't of Dep't of Defense*, 984 F.2d 16, 18 (1st Cir.1993) (*Santiago–Ramirez I*). The Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–2680, waives the sovereign immunity of the United States to many tort-based suits. *Santiago–Ramirez I*, 984 F.2d at 18. "The Federal Tort Claims Act excepts certain intentional torts from its general waiver of sovereign immunity." *Id.* at 20. The FTCA provides that its waiver of immunity shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights." 28 U.S.C. § 2680(h). If a claim comes within one of the exceptions listed in section 2680(h), then the district court lacks subject-matter jurisdiction and must dismiss the claim.

In a case against the United States Postal Service, the United States is the proper defendant when the action is brought under the FTCA. *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).

### D. Plaintiffs' Contract Claim

Plaintiffs allege that the United States, through employees of the Postal Service, tortiously interfered with Plaintiffs' existing and prospective contractual relationships with customers by "illegally, maliciously, and negligently" informing those customers that Plaintiffs lacked the proper certification to validate and correct postal addresses in accordance with USPS standards. Plaintiffs allege that the collective effect of the statements of USPS employees, described above, "drove [Plaintiffs] out of the market as all existing clients were lost" and prospective customers chose not to retain Plaintiffs' services. (Complaint, ¶¶ 20–21.) These allegations sound in contract. In fact, Plaintiffs specifically alleged that they have been harmed by an "intentional tortious contractual interference". (Complaint, ¶¶ 2, 22.)

As noted above, the FTCA provides that the United States has not waived its sovereign immunity for claims that arise out of any interference with contract rights. 28 U.S.C. § 2680(h). The United States has reserved its immunity with regard to both

unlawful interference with existing contract rights and to unlawful interference with prospective contractual relationships. *See Cooper v. American Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir.1992); *Art Metal–USA, Inc. v. United States*, 753 F.2d 1151, 1154 (D.C.Cir. 1985) (court lacked jurisdiction over claim based on allegation that General Service Administration (GSA) employees informed newspapers that plaintiff improperly handled its GSA contract, resulting in plaintiff's loss of business with defendant and third parties); *Segarra Ocasio v. Banco Regional De Bayamon*, 581 F.Supp. 1255, 1257 (D.P.R.1984).

Because Plaintiffs' complaint alleges that the statements allegedly made by USPS employees and government officials interfered with Plaintiffs' existing and prospective business opportunities, the instant claim is barred by the FTCA's interference with contract rights exception. Plaintiffs' contract claims are therefore dismissed.

### E. Plaintiffs' Negligence Claims

#### i. Libel and Slander

■ Plaintiffs allege that Defendants injured Plaintiffs by advising present and potential customers that DIT lacked the necessary qualifications to provide USPS-related services. Plaintiffs claim that the USPS employees were negligent in providing the misinformation. Plaintiffs allege that by providing misinformation Defendant damaged Plaintiffs' reputation such that prospective and actual customers declined to use Plaintiffs' services.

In *Jimenez–Nieves v. United States*, 682 F.2d 1, 7 (1st Cir.1982), the Court dismissed the plaintiff's claims that the Social Security Administration had damaged the plaintiff's reputation when it erroneously stopped the plaintiff's benefits checks, leading third parties to suspect that the plaintiff was guilty of disreputable conduct. The Court found that such claims sounded in defamation, known also as libel and slander, and were barred by the FTCA. *Id.* at 6. *See Art Metal–USA*, 753 F.2d at 1155 (injurious falsehood claim barred). In the present case, the Court is faced with a similar situation. Plaintiffs assert that their business was harmed because of negative remarks that the USPS employ-

ees allegedly made about DMI. In doing so, the USPS employees slandered DMI's good name. Under the FTCA, the Court does not have jurisdiction over such libel and slander claims. The Court therefore lacks subject-matter jurisdiction over Plaintiffs' negligence claims because these claims sound in libel and slander for which the United States has not waived its sovereign immunity. Plaintiffs claims which allege libel and slander are dismissed.

#### ii. Misrepresentation

■ Plaintiffs also assert that Defendant misrepresented the status of Plaintiffs' product with regard to USPS certifications. Plaintiffs claim that their customers decided not to retain their services because of the incorrect information provided to customers by the government employees. Plaintiffs also allege that they themselves invested many thousands of dollars to improve their software system to conform to what they were told was a mandatory USPS certification standard but which in fact was a voluntary standard.

■ The United States Supreme Court has looked to the Second Restatement of Torts § 552 to provide a definition of the tort of negligent misrepresentation. *United States v. Neustadt*, 366 U.S. 696, 707, 711, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). The Restatement provides:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Plaintiffs claim that they were damaged because the USPS employees provided just such incorrect information. Claims based on misrepresentations and deceit are barred by the FTCA. 28 U.S.C. § 2680(h). Both affirmative misstatements and negligent omissions are equally excluded from the waiver of immunity. *See OPM v. Richmond*, 496 U.S.

414, 429, 110 S.Ct. 2465, 2474, 110 L.Ed.2d 387 (1990); *Diaz Castro v. United States,* 451 F.Supp. 959, 960 (D.P.R.1978) (citations omitted) (barring claims arising out of both intentional and negligent misrepresentation). The Court lacks subject matter jurisdiction over Plaintiffs' misrepresentation claims because Plaintiffs' claims sound in tort for misrepresentation and deceit, for which the United States has not waived its sovereign immunity. 28 U.S.C. § 2680(h). Plaintiffs' negligent misrepresentation claims must therefore be dismissed because the Court lacks jurisdiction over them. *Santoni v. FDIC,* 677 F.2d 174, 179 (1st Cir.1982).

### iii.   Violation of Federal Statutes

■   Plaintiffs allege that Defendant violated a federal civil rights statute giving rise to liability. Plaintiffs fail to allege facts that would make out a claim under 42 U.S.C. § 1983. Plaintiffs have sued only the United States in this action. Section 1983 provides relief against individuals: "Every person, who under color of any statute ... shall be liable to the party ...." 28 U.S.C. § 1983. The United States is not a proper party to a Section 1983 claim. Additionally, Plaintiffs fail to allege that they were deprived of any federally protected rights, privileges, or immunities. *Daniels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Plaintiffs' civil rights claims are dismissed.

### F.   Plaintiffs' Tort Claims Under Puerto Rico Law

### i.   Plaintiffs' Claim for Intentional Infliction of Emotional Distress

■   The Court does have jurisdiction over Plaintiffs' claim for intentional infliction of emotional distress, or mental distress. The First Circuit has held that "[t]here is no exception in section 2680 which disallows a claim for the infliction of emotional distress by government agents. Claims against the government for intentional infliction of emotional distress are not excepted from the FTCA." *Santiago–Ramirez I,* 984 F.2d at 20. A claim for intentional infliction of emotional distress is cognizable under Puerto Rico law. *Santiago–Ramirez v. Sec't of Dep't of De-*

*fense,* 62 F.3d 445, 448 (1st Cir.1995) (*Santiago–Ramirez II* ).

■   However, there is no legal principle that a corporation such as Plaintiff Dynamic Image Technologies, Inc. can suffer from an intentional infliction of emotional distress. *See Santiago–Ramirez II,* 62 F.3d at 448 (*citing* Restatement of Torts (Second) § 46 (1965)); *FDIC v. Hulsey,* 22 F.3d 1472, 1489 (10th Cir.1994) ("Since a corporation lacks the cognizant ability to experience emotions, a corporation cannot suffer emotional distress."); *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins.,* 792 F.2d 1036, 1040 n. 2 (11th Cir.1986). Plaintiffs' claim for intentional infliction of emotional distress on behalf of DIT is dismissed.

### ii.   Plaintiffs' Claim for Negligent Supervision

■   Plaintiffs suggest that supervisors at the USPS failed to enforce USPS regulations to stop its employees from disparaging and harming Plaintiffs. A claim of negligent supervision is not barred by the intentional tort exception of the FTCA to the extent it asserts a claim for a supervisory duty owing from Defendant to Plaintiffs. A claim for negligent misrepresentation may be cognizable under Puerto Rico law. *See Milagros Rivera Santana v. Superior Packaging, Inc.,* 1992 WL 754830 (P.R. Dec. 9, 1992).

### iii.   Discretionary Function Exception

Defendant alleges that Plaintiffs' negligent supervision claims are barred by the discretionary function exception of the FTCA. 28 U.S.C. § 2680(a). (*See* Docket No. 6, at 2 n. 1.) Defendant does not brief this argument in detail; Plaintiffs do not address this argument at all. It is very well possible that this exception does bar some or all of Plaintiffs' remaining claims. To determine whether this exception applies, the Court must examine closely the proper functions of the agents who allegedly committed the wrongdoings against Plaintiffs. *See United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Mercado Del Valle v. United States,* 856 F.2d 406, 408 (1st Cir. 1988). Such a fact-intensive examination is more properly addressed in a motion for

summary judgment, which Defendant is free to submit to the Court at a later date. *Attallah v. United States*, 955 F.2d 776 (1st Cir. 1992).

### iv. Articles 1802 and 1803

■ Plaintiffs invoke Articles 1802 and 1803 of the Puerto Rico Civil Code. If there is sovereign immunity, there is no state law to refer to. As discussed above, there are only two causes of action under state law raised in this case as to which the United States has waived its sovereign immunity and over which this Court has jurisdiction: intentional infliction of emotional distress and negligent supervision.

■ In order to invoke Articles 1802 and 1803, a finding of negligence must be made. These statutes do not create any specific duty on the part of private or public individuals. Negligence requires, of course, a finding of a duty owing from one party to another. *Gonzalez v. Puerto Rico Electric Power Authority*, 1993 WL 525644, at *3 (D.P.R.1993) (*citing Hernandez v. Fournier*, 80 D.P.R. 93, 95, 1957 WL 13027 (1957); *Sociedad De Gananciales v. Gonzalez Padin*, 117 D.P.R. 94, 108, 1986 WL 376809 (1986)); *F.C. Imports, Inc. v. First Nat'l Bank of Boston, N.A.*, 816 F.Supp. 78, 94–95 (D.P.R.1993) (*citing Arroyo Arroyo Lopez v. E.L.A.*, 90 J.T.S. 101). Plaintiffs' invocation of these statutes is only relevant to the extent that they can establish that a duty was owed them by Defendant as to the remaining causes of action.

### G. Administrative Notice

■ Defendant argues that Plaintiffs' claims of intentional infliction of emotional distress and negligent supervision should be dismissed because they were not raised in Plaintiffs' administrative notice to the USPS made before the filing of this complaint. Plaintiffs must provide sovereign defendants with written notice of their claims prior to initiating suit. *Santiago–Ramirez I*, 984 F.2d at 18–19. Plaintiffs must follow and exhaust their available administrative remedies before filing suit with the Court. 28 U.S.C. § 2675. "In the context of section 2675, the emphasis is on the agency's receipt of information: it must have enough information that it may reasonably begin an investigation of the claim." *Id.* at 19. In *Santiago–Ramirez I*, 984 F.2d at 20, the First Circuit found that an administrative notice that provided the identity of the appellant, the date of the incident, the location of the incident, the government agents involved, the type of injury involved and the amount of damages the appellant is requesting to provide sufficient notice to comply with section 2675. *Id.* at 20. In the herein case, Plaintiffs' administrative notice did not explicitly state that Plaintiffs alleged that Defendant had inflicted emotional distress upon them or had been negligent in its supervision. Plaintiffs did, however, allege the facts considered by the First Circuit in *Santiago–Ramirez I* to be sufficient to provide adequate notice. "The language put the agency on notice that it should investigate the possibility of tortious behavior on behalf of its agents." *Id.* Plaintiffs' administrative notice gave the USPS sufficient information to investigate the situation giving rise to Plaintiffs' claims. Plaintiffs' remaining claims will not be dismissed because of inadequate administrative notice.

### H. Plaintiffs' Opposition to Motion to Dismiss

■ Plaintiffs argue that Defendants' motion to dismiss is premature because Plaintiffs have not had the opportunity to conduct discovery against Defendants. Plaintiffs emphasize that this Court has a duty to look to the substance of Plaintiffs' claims, rather than to the theories upon which they are premised, when evaluating the herein motion to dismiss. Plaintiffs claim that because Defendant has clearly harmed Plaintiffs, the Court should permit Plaintiffs to maintain their case. For instance, Plaintiffs state that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." (Docket No. 9. (citation omitted)). Plaintiffs correctly claim that the Court must look beyond the legal theories of the case to determine if Plaintiffs have set forth causes of action as to which the Court has jurisdiction.

*Torres Ramírez v. Bermudez Garcia*, 898 F.2d 224, 226 (1st Cir.1990).

Plaintiffs' argument cannot save the majority of their claims. Plaintiffs misunderstand the relevance of a motion to dismiss based on lack of subject-matter jurisdiction. At this stage of the case, the Court has no opinion as to whether Plaintiffs can prove the facts that they allege are true. Nonetheless, most of Plaintiffs' claims are subject to dismissal herein. As stated above, the Court can only have jurisdiction over claims against the sovereign when the sovereign agrees that it can be sued. The Court must have subject-matter jurisdiction over this case or controversy before it can permit Plaintiffs to proceed with this case. 28 U.S.C. § 1346(h). If the Court lacks subject-matter jurisdiction, it has no power to hear the case or grant the relief requested, and the claims must be dismissed. *Aversa*, 99 F.3d at 1208–09.

The issue, therefore, is not whether Plaintiffs' facts describe wrongs suffered by Plaintiffs at the hands of Defendant, but rather whether the sovereign, the United States of America, has agreed that it can be sued as to such claims. The United States of America has not agreed that it can be sued as to most of the claims based on facts alleged by Plaintiffs. The facts alleged by Plaintiff set forth, at best, two claims as to which the sovereign has waived its immunity: intentional infliction of emotional distress and negligent supervision.

### I. Motion to Amend Complaint

■ The Court has the discretion to allow Plaintiffs to amend their complaint. Fed.R.Civ.P. 15(a). The Court need not do so when to do so would be futile. *Maldonado v. Dominguez*, 137 F.3d 1, 11 (1st Cir. 1998). The Court will exercise its discretion to permit Plaintiffs to file an amended complaint within 20 days of the date of this order. First, Plaintiffs are cautioned that they must be cognizant that their amended complaint must be consistent with the administrative notice they provided to USPS before filing this complaint. A complaint the scope of which extends beyond that notice will be dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 2675. Second, Plaintiffs' amended complaint should not

merely reformulate the contract, slander, libel, and misrepresentation claims which are dismissed herein because the Court does not have subject-matter jurisdiction over them, no matter how Plaintiffs dress them up.

### J. Conclusion

Based on the above, the Court hereby GRANTS in part/DENIES in part Defendant's motion to dismiss. The Court DISMISSES all of Plaintiffs' claims against Defendant with prejudice, except for Plaintiff Rafael Vega's claim for the intentional infliction of emotional distress and Plaintiffs' claim for negligent supervision. Plaintiffs may amend their complaint within twenty days of the date of this order.

IT IS SO ORDERED.